IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22cv80030

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

 Plaintiff,

v.

NICKOLAS L. DITOMMASO,

 Defendant.

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendant Nickolas L. Ditommaso ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. Defendant is an individual who is a citizen of Florida residing at 11170 Thyme Drive, Palm Beach Gardens, Florida 33418.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because he has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over him would not offend traditional notions of fair play and substantial justice.  Further, Defendant is a licensed realtor in this State since 2014 and, upon information and belief, owns real property in

this State.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or his agents reside or may be found in this district. "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

7. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

8. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

9. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris

Evert, and others).

10. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

12. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.     The Work at Issue in this Lawsuit**

13. In 2009, Plaintiff created a photograph titled "West Palm Beach skyline C 2009 AAP, Oct. 24, 2009" (the "<u>Work</u>"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2009 all rights reserved." A copy of the Work is exhibited below.



14. The Work was registered by Plaintiff with the Register of Copyrights on July 7, 2015 and was assigned Registration No. VA 1-967-719. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

15. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

16. Defendant is a realtor whose business primarily lies in Palm Beach County, FL.

17. Realtor.com is the second most visited real estate listings website in the United States (with Zillow.com being the first most visited). Realtors (such as Defendant) utilize Realtor.com to advertise/market their services and listings published to the Multiple Listing Service (the "MLS").

18. Defendant maintains a profile page on Realtor.com (at https://www.realtor.com/realestateagents/56c34198bb954c01006bd18a) which provides his professional background, a profile image at the top of the page, and his contact information (and also provides a contact form for purposes of contacting Defendant). All content on the profile

page – including the image at the top of the page – was published by Defendant by logging into his Realtor.com account and providing updates/changes thereto.

19.   On a date after Plaintiff's aforementioned registration of the Work, Defendant published the Work as the main profile image on his Realtor.com profile page (at https://www.realtor.com/realestateagents/56c34198bb954c01006bd18a):



20.   A true and correct copy of screenshots of Ditommaso's Website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

21.   Defendant has not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with his Realtor.com profile page or for any other purpose.

22.   Defendant utilized the Work for commercial use – namely, in connection with the marketing of his real estate services.

23.   Upon information and belief, Defendant located a copy of the Work on the internet

(most likely associated with a prior MLS listing for a real estate agency that did contract with Plaintiff) and, rather than contact Plaintiff to secure a license, simply copied the Work for use in marketing his own real estate services.

24. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in October 2021. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

25. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to his own reproduction, distribution, and public display of the Work on the Websites.

30. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

31. By his actions, Defendant infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for Defendant's own commercial purposes.

32. Defendant's infringement was willful as he acted with actual knowledge or reckless disregard for whether his conduct infringed upon Plaintiff's copyright.

33. Defendant is a licensed realtor and broker in the State of Florida and clearly understands that high-end real estate photography is generally paid for and cannot simply be copied from the internet/some other broker's MLS listing.

34. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees because of Defendant's conduct.

38. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: January 07, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700

Exhibit "A"

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-967-719**

**Effective Date of Registration:**
July 07, 2015

### Title

**Title of Work:** Group Registration Photos, Selected 2009 Photographs Including Tesoro Club, Esplande Grande, Ocean Trail, Resort at Singer Island and Others published Feb. 3, 2009 to Oct. 29, 2009; 44 photos

**Content Title:** Tesoro Club Night A 2009 AAP, Feb. 3, 2009; Esplanade Grande Boat 2009 AAP, Feb. 3, 2009; Ocean Trail Way pool 2 AAP 09, Feb. 8, 2009; Ocean Trail Way Lobby AAP 09, May. 8, 2009; Tesoro Club Night A 2009 AAP, May. 14, 2009; Tesoro Club Night A 2009 AAP, May. 14, 2009; Tesoro Club Night A 2009 AAP, May. 14, 2009; Ocean Trail Way social room AAP 09, May. 8, 2009; Ocean Trail Way Gym 1 AAP 09, May. 8, 2009; Ocean Trail Way pool 1 AAP 09, May. 8, 2009; Ocean Trail Way Beach Stairs AAP 09, May. 8, 2009 Ocean Trail Beach Access AAP 09, May. 8, 2009; Ocean Trail Way Tennis AAP 09, May. 8, 2009; Jupiter Lighthouse Palm 2009 AAP, May. 8, 2009; Jupiter Lighthouse sunset D 2009 AAP, May. 8, 2009; Jupiter Lighthouse sunset AAP 2009, May. 8, 2009; Ocean Trail Full Moon 1 AAP 09, May. 8, 2009; Ocean Trail Full Moon 3 AAP 09, May. 8, 2009; Ocean Trail Full Moon 2 AAP 09, May. 8, 2009; Jupiter Lighthouse AAP 09, May. 8, 2009; Ocean Trail Aerial 40 AAP 09, May. 12, 2009; Ocean Trail Aerial 50 AAP 09, May. 12, 2009; Ocean Trail Aerial 60 AAP 09, May. 12, 2009; Ocean Trail Aerial 10 AAP 09, May. 12, 2009; Ocean Trail Aerial 20 AAP 09, May. 12, 2009; Ocean Trail Aerial 30 AAP 09, May. 12, 2009;

Rapallo West Palm aerial A 2009 AAP, Jun. 18, 2009; Tesoro Club Aerial B 2009 AAP, Jun. 20, 2009; Tesoro Club Aerial A 2009 AAP, Jun. 20, 2009;Flagler Museum aerial A 2009 AAP, Jun. 27, 2009; Tesoro Club Fountain 2009 AAP, Jun. 28, 2009; Admiral's Cove Pano A 2009 AAP, Aug. 4, 2009; Slade Building aerial a 2009, Aug. 5, 2009; Palm Beach Condos sunrise 2009 AAP, Aug. 21, 2009; Ritz Carlton Game Room D 2009 AAP, Aug. 27, 2009; Resort at Singer Island theater C 2009 AAP, Aug. 27, 2009; Resort at Singer Island theater D 2009 AAP, Aug. 27, 2009; Resort at Singer Island pool B 2009 AAP, Aug. 28, 2009;Ritz Carlton spa 2009 AAP, Aug. 28, 2009; Ritz Carlton bar 2009 AAP, Aug. 28, 2009; Resort at Singer Island Fitness 2009 AAP, Aug. 28, 2009; Juno Beach 33, Sept. 26, 2009; West Palm Beach skyline C 2009 AAP, Oct. 24, 2009; Jupiter Inlet 1 AAP 2009, Oct. 29, 2009; Juno Beach Pier AAP 09, Oct. 29, 2009; Tesoro Club Aerial C 2009 AAP, Oct. 29, 2009; Tesoro Club Aerial D 2009 AAP, Oct. 29, 2009;

### Completion/Publication

**Year of Completion:** 2009
**Date of 1st Publication:** February 03, 2009
**Nation of 1st Publication:** United States

## Author

- **Author:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
- **Author Created:** photograph
- **Work made for hire:** Yes
- **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
1123 Melinda Ln, Haverhill, FL, 33417

## Certification

**Name:** Robert Stevens
**Date:** July 07, 2015

Exhibit "B"

