IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.

                Plaintiff,

v.                                          Case No.: 9:22-cv-80030-DMM

NICKOLAS L. DITOMMASO

                Defendant.
_____/

## DEFENDANT'S MOTION TO DISSOLVE THE WRIT OF GARNISHMENT

Pursuant to Chapter 77 of the Florida Statues, Defendant Nickolas L. DiTommaso ("DiTommaso") respectfully moves on behalf of himself, his daughter Taylor N. DiTommaso ("T. DiTommaso"), and his son Christian A. DiTommaso ("C. DiTommaso") for an Order dissolving the Writ of Garnishment, as addressed herein.

In response to the writ of garnishment (the "writ"), Garnishee Bank of America, N.A. ("BOA") has set aside six (6) different bank accounts. DE 38 pp. 1-2. As provided in the attached declarations of DiTommaso, C. DiTommaso, and T. DiTommaso, the funds in accounts xxxxxxxx1174 and xxxxxxxx1271 contain only the property of T. DiTommaso, and the funds in accounts xxxxxxxx1810 and xxxxxxxx6204 contain only the property of C. DiTommaso. *See, e.g.*, Declaration of Nickolas L Ditommaso, attached hereto as Exhibit "A"; Declaration of Taylor N. DiTommaso, attached hereto as Exhibit "B"; Declaration of Christian A. DiTommaso, attached hereto as Exhibit "C".

1

**LEGAL STANDARD**

In Florida, garnishment procedures are governed by Chapter 77 of the Florida Statutes. *See Cadle Co. v. Pegasus Ranch, Inc.*, 920 So. 2d. 1276, 1278 (Fla. 4th DCA 2006); *see also Bernal v. All American Investment Realty, Inc.*, No. 05-60956-CIV-SEITZ/O'SULLIVAN, 2009 U.S. Dist. LEXIS 124337, *8 (S.D. Fla. Feb. 13, 2009) (Under Fed. R. Civ. P. 69, Florida's procedures in aid of execution govern). In response to a writ of garnishment, a defendant may file a notarized "Claim of Exemption and Request for Hearing." § 77.041, Fla. Stat. Pursuant to § 77.07(1), Fla. Stat., upon the filing of a motion, a defendant "may obtain dissolution of a writ of garnishment, unless the petitioner proves the grounds upon which the writ was issued . . . ." Judgment debtors may obtain dissolution of a writ of garnishment if they establish that the funds are exempt from garnishment under state or federal law. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 (11th Cir. 1999).

Either the defendant or "any other person having an ownership interest in the property" may move to dissolve a writ of garnishment. *Rudd v. First Union Nat'l Bank of Fla.*, 761 So. 2d 1189, 1191 (Fla. 4th DCA 2000). Where a person other than the garnishee claims ownership of funds or property, such person is required to submit an affidavit to that effect. *See* § 77.16(1), Fla. Stat. Further, property held as a joint tenancy with right of survivorship can only be attached "to the extent of the debtor's ownership of the funds." *Bernal*, 2009 U.S. Dist. LEXIS 124337 at *13-14. Where an account is jointly owned, and not all of the joint owners are judgment debtors, the court must determine the ownership interest of the judgment debtor. *Id.* at *10 (quoting *Antuna v. Dawson*, 459 So. 2d 1114, 1117 (Fla. 4th DCA 1984) ("Under Florida law, 'before a final judgment authorizing the judgment creditor to reach the funds held by the garnishee is entered, the interests [of the joint depositor] in the funds should be conclusively determined and the applicable law

applied thereto.'") (quoting *Huckabee v. PIC Investigations Corp.*, 262 So. 2d 474 (Fla. 3d DCA 1972))).

## ARGUMENT

I.  **The Funds in Accounts Identified as *1174, *1271, *1810, and *6204 Are Not the Property of Mr. DiTommaso, Those Funds are Solely the Property of His Children C. DiTommaso and T. DiTommaso.**

As set forth in the attached declarations of Mr. DiTomaso (Ex. A), his daughter T. DiTommaso (Ex. B) and his son C. DiTommaso (Ex. C), the funds in the accounts identified as *1174 and *1271 belong solely to T. DiTommaso and the fund in the accounts identified as *1810 and *6204 belong solely to C. DiTommaso. Though the judgement debtor, Mr. DiTommaso, is identified on those accounts, he is listed on the accounts because they were opened for the purpose of providing him custodial oversight over his children's accounts, but the funds deposited in those accounts are not property of Mr. DiTommaso. Ex. A ¶¶ 2-8; Ex. B ¶¶ 2-7; Ex. C ¶¶ 2-7. Because the funds in those accounts do not belong to Mr. DiTommaso, the Court should dissolve the writ as applied to those accounts. *See Bernal*, 2009 U.S. Dist. LEXIS 124337 at *10-14.

Garnishee Bank of America, N.A. has produced account statements related to these four (4) accounts to Plaintiff Affordable Aerial Photography, Inc. ("AAP"). Those statements confirm that the funds held in each of these accounts is the property of T. DiTommaso, for the *1174 and *1271 accounts, and C. DiTommaso, for the *6204 and *1810 accounts. Because the funds in those accounts are traced to the earnings of either T. DiTommaso or C. DiTommaso, those accounts cannot be garnished. *See Bernal*, 2009 U.S. Dist. LEXIS 124337 at *10-14.

Accordingly, Defendant, on behalf of himself, his daughter T. DiTommaso, and his son C. DiTommaso, respectfully requests that the Court dissolve the writ of garnishment as to the accounts identified as (1) xxxx-xxxx-1174, (2) xxxx-xxxx-1271, (3) xxxx-xxxx-6204, and (4) xxxx-xxxx-1810.

**II.     The Writ Should Be Dissolved as to the Accounts Identified as *7384 and *4897 Because Those Funds Are Exempt from Garnishment as Addressed in Defendant's Claim of Exemption (DE 34) and the Writ Was as Issued on an Void Judgments as Addressed in Defendant's Pending Motion (DE 37).**

DiTommaso also moves for an Order dissolving the writ as to the remaining accounts, identified as *7384 and *4897, for the reasons set forth in his Claim of Exemption (DE 34) and because the judgment upon which the writ was entered is void as argued in his pending motion (DE 37). Those arguments are incorporated herein by reference, so that the Court need to address those issues separately through this motion. *See also* Ex. A ¶¶ 9-11.

A hearing on DiTommaso's claim of exemption is set for November 7, 2023, to address his status as head of family, and whether the funds in those accounts are "earnings" as statutorily defined. While it appears AAP may not dispute DiTommaso's status as head of family, there remains a dispute as to whether funds in those accounts are "earnings". *See* DE 47. As will be addressed at the hearing, those accounts contain only the remnants of DiTommaso's last earnings in the form of commissions from his job as a real estate agent, received August 21, 2023. The balance of the *7384 and *4897 accounts is less than that last commission deposit.

## CONCLUSION

For the reasons addressed here, as well as DiTommaso's pending claim of exemption (DE 34) and motion to vacate (DE 37), Defendant DiTommaso, T. DiTommaso, and C. DiTommaso respectfully request that the Court dissolve the writ of garnishment.

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, counsel for the Defendant conferred with counsel for the Plaintiff by email in a good-faith effort to resolve the issues raised in this motion but were unable to do so. While an agreement as to dissolving the writ as applied to accounts *1174, *1271, *1810,

and *6204 might be possible, counsel for AAP has not yet had the opportunity to review the records of those accounts, which were not produced by Garnishee Bank of America, N.A., until today, November 6, 2023.

After AAP review the account statements, if an agreement is able to be reached as to at least some of these issues, the parties will notify the Court.

Respectfully submitted,

**Andrew D. Lockton**
Edward F. McHale
Florida Bar Identification Number 190300
Andrew D. Lockton
Florida Bar Identification Number 115519
MCHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:	(561) 625-6575
Facsimile:	(561) 625-6572
Email:	litigation@mchaleslavin.com

*Attorneys for Defendant Nickolas L. DiTommaso*