UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-80030-CV-MIDDLEBROOKS

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

     Plaintiff,

v.

NICKOLAS L. DITOMMASO,

     Defendant.

_____/

## ORDER GRANTING MOTION
## FOR RELIEF FROM DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Verified Motion to Vacate Default Judgment and Set Aside the Clerk's Default, filed on October 23, 2023. (DE 37). The Motion is fully briefed. (DE 43; DE 48). For the following reasons, the Motion is **GRANTED**.

## I.    BACKGROUND

This case is about Defendant's alleged use of Plaintiff's Copyrighted Image. (DE 55 ¶ 1). Affordable Aerial Photography, Inc. ("Plaintiff") is a photography company that created a photograph of the West Palm Beach skyline (the "Photograph") and registered the work with the Register of Copyrights. (DE 1 ¶¶13-14). Plaintiff filed a complaint on January 7, 2022, alleging that Nickolas L. Ditommaso, an individual realtor, used the Photograph without Plaintiff's permission and displayed it on his profile page on Realtor.com. (*Id.* ¶¶ 16-18). Plaintiff provides a screenshot of the Realtor.com profile page. (DE 1 at 13) The Photograph is at the top of the page, followed by a photo of Mr. Ditommaso and Mr. Ditommaso's name. The webpage also contains a link to RE-MAX Properties and the address for RE-MAX Properties. (*Id.*). The one-count

Complaint is solely against Mr. Ditommaso and alleges he reproduced, distributed, and publicly displayed the Photograph without authorization. (*Id.* ¶ 30).

On March 7, 2022, the Clerk of Court entered default against Mr. Ditommaso for failure to answer or otherwise defend the suit. (DE 8). On May 15, 2022, I entered an Order Granting Plaintiff's Motion for Default Final Judgment and entered Final Default Judgment against Mr. Ditommaso. (DE 19; DE 18).

After seeking post-judgment discovery and the deadline for Mr. Ditommaso to participate passed, Plaintiff filed an Ex Parte Motion for Writ of Garnishment against Mr. Ditommaso on October 13, 2023. (DE 30). A Writ of Garnishment was issued as to Garnishee Bank of America on October 16, 2023. (DE 31). Mr. Ditommaso then made his first appearance in this case, filing a Claim of Exemption to the Writ of Garnishment and Request for Hearing on October 19, 2023. (DE 34). Subsequently, Mr. Ditommaso filed a Motion to Vacate Default Judgment and to Stay Default Judgment. (DE 37; DE 39). Plaintiff filed its Responses (DE 43; DE 44) and Mr. Ditommaso replied (DE 48; DE 49).

It was only in Mr. Ditommaso's Motion to Vacate Default Judgment (DE 37) and attached exhibits that additional facts about the Parties' history were revealed. Specifically, Mr. Ditommaso provided evidence of a settlement agreement between Plaintiff and non-party, AM-PM Investments 2 LLC d/b/a Re/MAX Properties ("Re/MAX").

Plaintiff and ReMAX entered into a Settlement Agreement in August 2016 (DE 43-1 at 45) as a result of civil suit *Affordable Aerial Photography, Inc. v. Am-PM Investments 2, LLC d/b/a Re/MAX Ocean Properties, et al.* Case No. 16-CV-80679-RLR (the "2016 Action"). The Settlement Agreement provided that Re/MAX, on behalf of itself and the other 2016 Defendants, would pay Plaintiff $30,000.00 to resolve the case, and it contained two pertinent clauses for the

2

present matter. (DE 37-5 at 4). First, in Section 3 of the Agreement, Plaintiff released Re/MAX and their respective representatives, employees, and agents from all claims "from the beginning of the world to the day of this Agreement (August 22, 2016)" that could have been raised in the 2016 Action. (*Id.* at 3). Second, in Section 7 of the Agreement, the Parties agreed to a Notice and Cure provision that stated that if Plaintiff discovered any new or continued infringement by Re/MAX or the other Parties, it would notify them and identify the photo believed to the subject of infringement. Re/MAX and the other Parties would then have five days to provide evidence of ownership of a license or "purchase a license at a cost of $500 per photograph." (*Id.* at 4). At the time of the 2016 Action and settlement and all other relevant times, Mr. Ditommaso was an employee of Re/MAX. (DE 43-1 at 41).

On October 21, 2021, Plaintiff's Counsel sent Re/MAX and Mr. Ditommaso a letter alerting them to the alleged copyright infringement and that the Photograph appeared on Realtor.com public profile for Mr. Ditommaso. (DE 37-3). The demand letter was for a payment of $35,000.00 and the immediate cease from any further use of Plaintiff's work.[1] (*Id.*) On November 17, 2021, an attorney named Steven M. Selz responded to the demand letter on behalf of "Clients: Nikolas L. Ditommaso and AM-PM Investments 2LLC, d/b/a Re/MAX Properties." (DE 37-5). Mr. Selz attached the Settlement Agreement from the 2016 Action and stated that consistent with Section 7, he has advised his client to tender the sum of $500.00 for the license of the new photograph being used. Mr. Selz also provided proof that Mr. Ditommaso began his association with Re/MAX on September 8, 2015, predating the Settlement Agreement. (*Id.*). Mr.

---

[1] Plaintiff provides evidence that Re/MAX first responded on October 29, 2021 with a letter and enclosed check for $500.00. (DE 43 at 3). This letter stated: "we trust that this communication we received specifically for Ditommaso and AM-PM Investments 2 LLC is closed." (*Id.*).

Selz states that his client, Re/MAX, has re-tendered $500.00 and if that payment is rejected again, he would commence an action to enforce the 2016 Settlement Agreement.

On the same day, counsel for Plaintiff responded via e-mail and agreed that if Mr. Ditommaso published the photograph on or prior to August 22, 2016 that, as an employee of Re/MAX, he would be covered by the release provision of the Settlement Agreement as an employee of Re/MAX. (DE 43-1 at 55). Plaintiff's counsel also stated in this email that he does not believe that Section 7, the Notice and Cure section, applies to a personal Realtor.com page maintained by Mr. Ditommaso and asked for clarification as to who maintains the Realtor.com profile page, Mr. Ditommaso or Re/MAX. (*Id.*). It is at this time that communication between the Parties appears to have broken down, and Mr. Selz did not respond. Plaintiff maintains that it returned the checks and did not accept $500.00 from Re/MAX. (DE 43 at 4). Mr. Ditommaso asserts in his sworn declaration that he has "never had ownership or, or control of, the Realtor.com website" and that "the office staff at Re/MAX set up [his] profile and webpage on the Re/MAX website." (DE 37-1 at ¶¶ 24, 9).

On January 7, 2022, Plaintiff brought this lawsuit against Mr. Ditommaso alone. Plaintiff's complaint and subsequent briefing did not include any mention of the potentially applicable Settlement Agreement, that Re/MAX had attempted to take responsibility for this copyright infringement, or that they had communicated with an attorney who represented himself as counsel for Mr. Ditommaso.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(d) provides the court with "Other Powers to Grant Relief" including to "set aside a judgement for fraud on the court." Fed. R. Civ. P. 60(d)

"Motions under [Rule 60(b)] are directed to the sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b) contains some limitations in that they "must be made within a reasonable time – and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Even though Rules 60(b)(4)-(6) require that movants pursue their rights within a reasonable time they are not governed by the strict one-year cap. The district court decides under Rules 60(b)(4)-6) when a movant has pursued his rights "within a reasonable time" and when he has sat on his rights for too long. *A & F Bahamas LLC v. World Venture Grp., Inc.*, 796 F. App'x 657, 661 (11th Cir. 2020) ("In a well-reasoned opinion, the district court took a reasonable view of the evidence and determined, based on our precedent that [movant's] motion failed to comply with Rule 60(c)(1)'s temporal requirement."); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736–37 (11th Cir. 2014) (affirming the district court's decision to deny a Rule 60(b)(4) after nine months after first finding that such delay was unreasonable).

Rule 60(b)(6) which allows vacatur for "any other reason that justifies relief" is specifically exempt from the strict one-year time requirement as a catch all provision. "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). The Eleventh Circuit also has described Rule 60(b)(6) as a "broadly drafted umbrella provision…which has been described as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Griffin*, 722 F.2d at 680 (internal citations omitted).

Like Rule 60(b)(3), motions under Rule 60(d)(3) also concern "fraud on the court." Fed. R. Civ. P (d)(3). Motions under Rule 60(d)(3) are not time barred but require clear and convincing evidence of "egregious misconduct" or an "unconscionable plan or scheme" to influence the court's decision. *DeBose v. USF Bd. of Trustees*, 844 Fed. Appx. 99, 102 (11th Cir. 2021). Fraud on the court is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). "Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence." *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

## III.   DISCUSSION

Mr. Ditommaso now seeks relief from my Order granting Plaintiff's Motion for Default Judgment (DE 19), in which I also made rulings as to the amount of damages Plaintiff could recover. Mr. Ditommaso makes arguments under Rule 60(b)(4) (that the judgment is void because this Court lacks Article III standing), Rule 60(b)(5) (that the judgment has already been satisfied

by a $500 payment by third-party Re/MAX Properties), Rule 60(b)(6) (in the interest of justice),

and Rule 60(d)(3) (fraud on the court).

Mr. Ditommaso filed his Motion to Vacate the Default Judgment (DE 37) on October 23,

2023, more than 17 months after Default Judgment was entered against him on May 12, 2022 (DE

18). While Mr. Ditommaso's arguments are not subject to the one-year time limit, under Rule

60(b) they are restricted by the "reasonable time" requirement of Fed. R. Civ. P. 60(c)(1). Plaintiff

argues that Mr. Ditommaso has relinquished his rights to bring these arguments now to vacate a

judgment finalized in May 2022. (DE 43 at 13).

In justification of this delay, Mr. Ditommaso states that he relied on representations from

Re/MAX and its counsel that Re/MAX would handle the matter on his behalf (DE 37-1 at ¶¶ 6,

11, 12, 15). Mr. Ditommaso also shares that he was hospitalized with COVID-19 on January 8,

2021, and that he was so ill he was not expected to live. (*Id.* at ¶ 9). Mr. Ditommaso's physical and

mental recovery persisted throughout the entirety of 2022 such that he was not able to begin

working again until early 2023, and he states he still has limitations in his ability to move and

focus, furthering his reliance on representations from Re/MAX about the litigation. (*Id.* at ¶¶ 13-

15). Mr. Ditommaso admits that it was only in May 2023 that he realized the full extent of the

legal action against him and searched for counsel. (*Id.* at ¶ 17).

Given the new facts that have come to light, I find that both Mr. Ditommaso's reliance on

Re/MAX's representations and his subsequent delay in participating in this lawsuit were not

unreasonable. I also find that Rule 60(b)(6) permits me to vacate default judgement under these

circumstances.

As evidenced by the November 17, 2021, letter, Re/MAX took responsibility for the

copyright infringement and use of the Photograph. Mr. Selz represented himself as counsel for

both Mr. Ditommaso and Re/MAX and tendered at least two checks for $500.00, asserting that the use of the Photograph fell squarely within the 2016 Settlement Agreement. In this letter, Mr. Selz appears to argue both that Mr. Ditommaso is covered by the Section 3 Release provision of the 2016 Settlement Agreement and that the Section 7 Notice and Cure provision governs, such that the matter can be therefore resolved by a payment of $500.00 from Re/MAX.

Plaintiff rejects that the 2016 Settlement Agreement would apply to Mr. Ditommaso's individual Realtor.com page and rejected the payments, but there is no evidence as to who maintained the webpage and posted the infringing Photograph. Mr. Ditommaso asserts that he did not control the Realtor.com page, but these facts remain unknown. What is known, based on the undisputed communication between the Parties, is as follows. Plaintiff discovered that the Photograph was being used without authorization on a Realtor.com public profile displaying both Mr. Ditommaso name and Re/MAX's contact information. Plaintiff first contacted Re/MAX and Mr. Ditommaso, together, not knowing who was responsible for displaying the Photograph. Plaintiff received a response from an attorney, representing himself to be counsel for both Re/MAX and Mr. Ditommaso, and who tendered $500.00 in compliance with a settlement agreement between Re/MAX and Plaintiff. Re/MAX never stated explicitly that they controlled the webpage, but Re/MAX accepted responsibility and complied with the Parties' agreed upon dispute resolution as outlined in the 2016 Settlement Agreement. Instead of accepting this admission of responsibility by one of two parties who could have been responsible for the copyright infringement, Plaintiff instead brought this suit against Mr. Ditommaso alone.

It is therefore possible, given Re/MAX's response to Plaintiff's initial Demand Letter, Mr. Ditommaso's statements that he has never controlled the Realtor.com public page, and that at all relevant times Mr. Ditommaso was an employee of Re/MAX, that no valid claim against Mr.

Ditommaso ever existed. It is further possible, that Plaintiff's counsel knew this while pursuing

default judgment against Mr. Ditommaso. While Plaintiff's choice to bring this claim against Mr.

Ditommaso and exclude the factual context pertaining to Re/MAX may not have risen to the level

of fraud on the court, it was conduct unbecoming of a forthright litigant in federal court and the

omission borders on deceitful. I find sufficient reason to justify relief under Rule 60(b)(6) to

accomplish justice. Mr. Ditommaso will have another chance to defend this lawsuit on the merits.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Vacate Default Judgment (DE 37) is **GRANTED** in so far as arguments made under Fed. Civ. R. P. Rule 60(b)(6).

(2) The Clerk of Court shall **VACATE** my May 12, 2022 Orders (DE 18; DE 19) granting Default Final Judgment in favor of Plaintiff Affordable Aerial Photography, Inc. and against Defendant Nickolas L. Ditommaso.

(3) Defendant's Motion to Stay Default Judgment (DE 39) is **DENIED AS MOOT.**

(4) In light of the vacatur of final default judgment, Defendant's Motion for Release of Funds and to Dissolve the Writ of Garnishment (DE 50) is **GRANTED.**

(5) The Clerk of Court shall **DISSOLVE** the Writ of Garnishment issued as to Garnishee Bank of America (DE 31).

(6) The Clerk of Court shall **REOPEN** this Case.

(7) Defendant shall have **21 days or until November 30, 2023** to file a response to the

Complaint against him (DE 1).

**SIGNED** in Chambers at West Palm Beach, Florida, this 8th day of November, 2023.


DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE


cc:    Counsel of Record

10