UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-80030-CV-MIDDLEBROOKS

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

    Plaintiff,

v.

JOHN DOE,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY

THIS CAUSE comes before the Court upon Defendant's Motion for Leave to Conduct Discovery, filed on February 7, 2024. (DE 64). For the following reasons, the Motion is **GRANTED**.

In its First Amended Complaint, Plaintiff asserts a single claim for copyright infringement against a "John Doe" Defendant. (DE 56). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson,* 598 F.3d 743, 738 (11th. Cir. 2010). I have asked Plaintiff to show cause with the court and clarify the record and explain how it plans to identify the proper Defendant. (DE 61).

Plaintiff now files the present Motion stating it seeks leave to conduct discovery prior to a Rule 26(f) Discovery Conference to identify the person(s) responsible for violating Plaintiff's copyright by uploading it to the realtor.com profile page. (DE 64). The photograph is presently on Nickolas L. Ditommaso's realtor.com profile, but Mr. Ditommaso has denied responsibility and Plaintiff terminated Mr. Ditommmaso as a Defendant. (DE 57). Plaintiff now believes that the photograph was uploaded by Move, Inc. (the entity that operates www.realtor.com) and/or AM-

PM Investments 2 LLC d/b/a Re/Max Properties ("AM/PM") (Mr. Ditommaso's real estate broker at the time). Plaintiff seeks in the present Motion leave to conduct discovery to send subpoenas for document production and/or depositions of Move Inc. and AM/PM.

Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense… For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

As this discovery is strictly construed to discover who could be the proper defendant here, I find good cause to allow Plaintiff to conduct this discovery. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Conduct Discovery (DE 64) is **GRANTED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this /2 day of February, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record